RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/24/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTRALE PHILLIPS | DOCKET NO. 13-CV-1925; SEC. P |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Dontrale Phillips, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 18, 2013. Plaintiff is incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He complains that he is wrongfully imprisoned following an unlawful arrest based on a conspiracy against him. Plaintiff seeks an immediate release from jail and millions of dollars in damages. He names as defendants Rapides Parish, the City of Alexandria, Brian Cespiva, William Earl Hilton, the Alexandria Police Department, Judge Thomas Yeager, David Foshee, Robin L. Hooter, the Public Defender Board, and Michael Jeansonne.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that Plaintiff's request for release from custody be dismissed, and that his claim for money damages for his allegedly wrongful arrest, incarceration, and/or prosecution be stayed pending the outcome of the on-going criminal prosecution.

*Background and Allegations*

According to documents submitted by Plaintiff, on July 31, 2012, Officer David Foshee received information from the Rapides Parish Sheriff's Office indicating that Phillips was responsible for the armed robbery of a Dollar General store, and possibly for other robberies. [Doc. #9, p.31] Officer Foshee, along with members of the U.S. Marshal Task Force, proceeded to arrest Phillips at a local residence on several outstanding warrants. During the arrest, a female at the residence informed officers that Phillips was her boyfriend. [Doc. #9, p.31] The homeowner gave officers permission to search her home, wherein officers found a silver or chrome pistol in a bag. The girlfriend confessed to officers that Phillips had committed three robberies, and that she was the "getaway driver." [Doc. #9, p.30]

Plaintiff initially complained that 9th Judicial District Court Judge Yeager denied his request for preliminary examination even though Plaintiff was not indicted by a grand jury. He complains that Yeager failed to recuse himself from the case, obstructed justice, allowed an assistant district attorney to destroy and alter evidence, and influenced the testimony of witnesses. He alleges that Brian Cespiva committed forgery, obstructed justice by instituting prosecution under two different docket numbers, and tampered with evidence and court records. He alleges that David Foshee committed perjury. He claims that Sheriff Hilton failed to

bring Plaintiff in front of a judge for appointment of counsel and to fix bail in accordance with Louisiana law. He claims that the clerk of court is maintaining false public records. He alleges that Michael Jeansonne assisted Judge Yeager with his deliberate violation of Plaintiff's rights.

Plaintiff amended his complaint and provided the court with a number of documents which indicate that the charges relating to the robberies are still pending against Plaintiff. The record shows that on August 27, 2012, a hearing on a motion for Preliminary Examination was conducted. The motion was filed by Plaintiff, pro se. No attorney had been appointed for Plaintiff, and he represented himself at the hearing. The transcript shows that the District Attorney had just received the file that very morning. The Court stated:

> "Come on, Mr. Phillips, if you would; you're here for a preliminary exam, sir, that you requested. You do not have an attorney, so, you filed this pro se. So, what we're going to do is proceed with your preliminary exam."

[Doc. #9, p.36] The district attorney called Detective Foshee, and the Plaintiff conducted a cross-examination. After the examination of Foshee, Plaintiff asked the Court to explain why the officer did not need probable cause to charge Plaintiff with commission of the robberies. [Doc. #9, p.43] The Court declined to answer. The court then asked Plaintiff, "Have you requested an attorney?" [Doc. #9, p.43] The Plaintiff indicated that he wanted to represent himself. Ultimately, the Court found probable cause to charge

3

Plaintiff with numerous offenses.

Court Minutes further show that Plaintiff was in court without counsel on October 29, 2012, on his motion for speedy trial and re-urging a motion to sever, which had previously been denied. [Doc. #9, p.49] On November 26, 2012, November 30, 2012, and January 7, 2013, Plaintiff was in court without counsel for various pro se motions, and he was ordered to submit an application for representation by the IDB. [Doc. #9, p.54-55] On January 7, 2013, the court ordered Plaintiff to attend a sanity commission hearing. Plaintiff appeared in court again on March 18, 2013, with counsel. Based on the report of the sanity commission, the Court found that Plaintiff was not capable of standing trial. [Doc. #9, p.55] When Plaintiff was back in court on June 19, 2013, the Court stated that Plaintiff was going to represent himself in the criminal proceedings. [Doc. #9, p.56] It appears that Plaintiff's criminal matter is still pending at this time.

### *Law and Analysis*

I.  Screening

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief. See 28 U.S.C. §§1915 and 1915A, and 42 U.S.C. §1997e(c).

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted). A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

## II. Release from Jail

First, Plaintiff seeks a release from jail as well as millions of dollars in damages. A petition for writ of habeas corpus is the proper procedural vehicle for an inmate seeking an immediate release from custody. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994). Such relief is not available by way of a civil rights proceeding.

## III. Heck v. Humphrey & Wallace v. Kato Considerations

If Phillips is ultimately convicted of the pending charges, he may not be entitled to seek damages for the alleged unlawful arrest, false imprisonment, etc., until such time as the conviction

in question has been declared invalid. See <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254...

Thus, when a prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. See <u>Heck</u>, at 486-487; see also <u>Wilbon v. Louisiana</u>, Civil Action No. 10-4281 (E.D. La. 2010), 2010 WL 5598336 at *4 ("<u>Heck</u> likewise bars a related illegal search and seizure claim. See <u>Johnson v. Bradford</u>, 72 Fed. App'x 98, 99 (5th Cir.2003); <u>Hall v. Lorenz</u>, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002).")

In other words, <u>Heck</u> prohibits the use of §1983 complaints as a means of collaterally attacking outstanding state convictions. On the other hand, since the criminal prosecution remains pending, <u>Heck</u> does not apply at this time. See <u>Wallace v. Kato</u>, 549 U.S. 384 (2007)(The <u>Heck</u> rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal

charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. Wallace v. Kato, 549 U.S. 384, 393-94 (2007)("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended."); see also Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995)(in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course...."); Busick v. City of Madison Mississippi, 90 Fed. Appx. 713, 713-714 (5th Cir. 2004).

Plaintiff's claim for money damages for his allegedly wrongful arrest, incarceration, and/or prosecution should be stayed pending the outcome of the on-going criminal prosecution. Thereafter, in the event that Plaintiff is convicted of one or more of the charged offenses, he may pursue this remedy only upon a showing that the suit is not barred by the Heck rule enunciated above.

Therefore, **IT IS RECOMMENDED** that Plaintiff's *request for habeas relief in this civil rights action be DISMISSED*. It is further recommended that *Plaintiff's civil rights claims be STAYED until the criminal proceedings against Phillips are completed,*

subject to the following conditions:

    a. Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff shall file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

    b. If the criminal proceedings are not concluded within six (6) months, on April 22, 2013, Plaintiff shall file a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.

    c. In light of the stay, Plaintiff should not file any more documents in this action until the state court proceedings have concluded.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE